FILED

JAN 1 3 2020

RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

1

2 **UNITED STATES DISTRICT COURT**
___Southern___ **DISTRICT OF** ___West Virginia___

3

4 Michael Murphy
Plaintiff(s),

Civil Case No.

5 v.

2:20-cv-00031

6 *Nate Birkmeir, President of E.R.C.*
Defendant(s).

7

8

9 **CIVIL COMPLAINT**

10 **A. JURISDICTION**

11 1. This Court has Federal jurisdiction over this action pursuant to 28 U.S.C. § 1332

12 because Defendant violated the Fair Debt Collections Practices Act("FDCPA") because:

13     a) The plaintiff is an individual residing in and a citizen of the

14     state of ___West Virginia___ ;

15     b) The defendant is a corporation organized and existing under the laws of the

16     State of ___Minnesota___ with its principle place of business in

17     ___Minnesota___ .

18     c) There is a complete diversity of citizenship between plaintiff and the

19     defendant.

20 **B. DEFINITIONS**

21 2. The plaintiff, Michael Murphy is a "consumer" and is defined by 15 U.S.C. §

22 1692(a)(3), as "any natural person obligated or allegedly obligated to pay any debt."

23 3. The defendant, ___Nate Birkmeir___ is a "debt collector" and is defined by 15

1    U.S.C. § 1692(a)(6), as "any person who used instrumentality of interstate commerce or

2    the mails in any business, the principle purpose of which is the collection of any debts, or

3    who regularly collects or attempts to collect directly or indirectly any debts owed or due

4    or asserted to be owed or due another."

5    **C. <u>STATEMENT OF THE CASE</u>**

6    4. On ___08-30-2019___, the plaintiff obtained a copy of his consumer report

7    from Equifax Information Services, Experian Information Solutions, and Trans Union

8    Corporation which revealed that ___Nate Birkmeir___ ("defendant") had placed an

9    entry on plaintiffs consumer report which communicated that the plaintiff allegedly had

10    an account in default with the defendant in the amount of $__1,710__ by assignment

11    from ___Sprint___ dated ___9-15 2015___. **See Exhibit B.**

12    5. On ___November 21, 2019___, the defendant took receipt of plaintiffs

13    "Notice Of Relief", requesting the defendant validate the alleged debt pursuant to the

14    Fair Debt Collection Practices Act("FDCPA"), 15 U.S.C. § 1692g(a) and 1692g(b),

15    through certified mail receipt which is numbered __#7018 2290 0000 1197 3105__

16    and attached as **Exhibit A.** It should be noted that the defendant refused to respond to

17    plaintiffs validation request.

18    **D. <u>CLAIM ONE</u>**

19    6. The plaintiff asserts that the defendant violated section 15 U.S.C. § 1692e(2)(A) of the

20    Fair Debt Collection Practices Act when the defendant reported to Equifax Information

21    Services, Experian Information Solutions, and Trans Union Corporation that the plaintiff

22    is in default with the defendant in the amount of $__1,710__ through assignment

23    from ___SPRINT___. **See Exhibit B.**

1   7. Snyder v. Gordon, 2012 U.S. Dist LEXIS 120659, (9th Cir.) which states, "The

2   FDCPA prohibits the false representation of the "character, amount, or legal status" of

3   any debt § 1692e(2)(A). A misstatement of a debt need not be knowing or intentional to

4   create liability under this section. Clark, 460 F.3d at 1176."

5   8. The defendant intended to manipulate the plaintiff by falsely representing that the

6   alleged debt which is a violation of the Fair Debt Collection Practices Act. This

7   constitutes a violation of the "Act" as a matter of law.

8   9. The plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the

9   defendants violation of 15 U.S.C. § 1692e(2)(A) of the ("FDCPA").

10   E. **CLAIM TWO**

11   10. The plaintiff asserts that defendant violated section 15 U.S.C. § 1692e(8) of the

12   Fair Debt Collection Practices Act when the defendant communicated false information

13   concerning the alleged debt that the plaintiff never owed to the defendant, nor had the

14   alleged debt been assigned to the defendant. The defendant communicated to Equifax

15   Information Services, Experian Information Solutions, and Trans Union Corporation

16   false information, stating that the defendant had been assigned to collect said debt from

17   the plaintiff, and the plaintiff was in default for $ 1,710       to the defendant.

18   **See Exhibit B.**

19   11. Nelson v. Equifax Information Services, LLC, 522 F. Supp. 2d 1222 (9th Cir. 2007)

20   states, "in order to sustain a section 1692e(8) claim, a party must show that a debt

21   collector communicated or threatened to communicate credit information which they

22   knew or should have known was false, including failing to communicate that debt was

23   disputed."    NATE BIRKMEIR           never had a valid assignment authorizing

1     them to pursue and report to credit bureaus the alleged debts associated with the plaintiff.

2     12. Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the

3     defendants violation of 15 U.S.C. § 1692e(8) of the ("FDCPA").

4     **F. CLAIM THREE**

5     13. Plaintiff asserts that defendant violated section 15 U.S.C. § 1692C(10) of the Fair

6     Debt Collection Practices Act when the defendant used false and deceptive means to

7     attempt to collect a debt from the plaintiff. By communicating false information, the

8     defendant attempted to gain an advantage of an unsophisticated consumer through false

9     misrepresentation.

10     14. Heathmen v. Portfolio Recovery Assoc., LLC, U.S. Dist. LEXIS 27057 (9th Cir.

11     2013) states, "A debt collector violates section 1692e(10) if it 'use[s]...a false

12     representation or deceptive means to collect or attempt to collect any debt or to obtain

13     information concerning a consumer ("a debt collectors representation that a debt is owed

14     to it when in fact is not, amounts to a misrepresentation barred by the ("FDCPA")."

15     15. Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the

16     defendants violation of 15 U.S.C. § 1692e(10) of the ("FDCPA").

17     **G. CLAIM FOUR**

18     16. Plaintiff asserts that defendant violated section 15 U.S.C. § 1692e(12) of the Fair

19     Debt Collection Practices Act when the defendant communicated the false representation

20     that the alleged account was turned over to NATE BIRKMEIR_____ for value to

21     Equifax Information Services, Experian Information Solutions, and Trans Union

22     Corporation. **See Exhibit B.** The defendant never received assignment to pursue or

23     report to credit bureaus alleged debts associated with the plaintiff.

1    17. Fortunato v. Hop Law Firm, LLC, U.S. Dist. LEXIS 152712 (9th Cir. 2012) states,

2    "Section 1692e(12) prohibits "The false representation or implication that accounts have

3    been turned over to innocent purchasers for value", when determining whether a

4    misrepresentation in a debt collection has been made, the court must apply the "least

5    sophisticated debtor" standard and make a determination as to whether the debt would be

6    "deceived or misled by the misrepresentation", quoting Wade v. Reg'l Credit Ass'n, 87

7    F. 3d 1098, 1098-100 (9th Cir. 2006).

8    18. The plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the

9    defendants violation of 15 U.S.C. § 1692e(12) of the ("FDCPA").

10   **H. CLAIM FIVE**

11   19. Plaintiff asserts defendant violated section 15 U.S.C. § 1692f(1) of the Fair Debt

12   Collection Practices Act when the defendant unconscionable means to attempt to collect

13   an alleged debt by reporting to Equifax Information Services, Experian Information

14   Solutions, and Trans Union Corporation that __NATE BIRKMEIR__ obtained legal

15   permission, documented by a valid assignment that the plaintiff was now in default with

16   a debt owed to the defendant with the attempt to force the plaintiff to pay

17   the $__1,710__ allegedly owed.

18   20. Sukiasyan v. OCS Recovery Inc., U.S. Dist. LEXIS 29877 (9th Cir. 2013) states,

19   "a debt collector may not use unfair or unconscionable means to collect or attempt to

20   collect any debt. Without limiting the general application of the foregoing, the following

21   conduct is a violation of this section: (1) The collection of any amount (including any

22   interest, fee, charge, or expense incidental to the principle obligation) unless such amount

23   is expressly authorized by the agreement creating the debt or permitted by law."

1    Minus the agreement to collect on the attempted debt, the defendant is in direct violation

2    of this section.

3    21. Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the

4    defendants violation of 15 U.S.C. § 1692f(1) of the ("FDCPA").

5    **I. CLAIM SIX**

6    22. The plaintiff asserts that defendant violated section 15 U.S.C. § 1692g(b) of the

7    Fair Debt Collection Practices Act when defendant refused to respond to plaintiffs

8    validation request. The defendant took receipt of plaintiffs "Notice of Administrative

9    Remedy" and requested that the defendant provide the original creditors name, address,

10   and verification of the alleged assignment or documents that gives NATE BIRKMEIR

11   the legal right to pursue and report to credit bureaus the alleged debts associated with the

12   plaintiff. The defendant took receipt of plaintiffs request for validation through certified

13   mail receipt # 70182290000011973105, which is attached as **Exhibit A.**

14   23. Danaher v. Northstar Location Servs., U.S. Dist. LEXIS 77606 (9th Cir. 2013) states,

15   "If the consumer notifies the debt collector in writing within the thirty-day period

16   described in subsection (a) of this section that the debt, or any portion thereof is disputed,

17   or that the consumer requests the name and address of the original creditor, the debt

18   collector shall cease collection of the debt, or any disputed portion thereof, until the debt

19   collector obtains verification or judgment, or name and address of the original creditor, is

20   mailed to the consumer by the debt collector." By NATE BIRKMEIR

21   refusing to communicate with the plaintiff regarding the original creditor and the alleged

22   assignment or documents that granted the defendant the right to report to the credit

23   reporting agencies that the defendant legally obtained the alleged debt. The defendant is

1    in violation of section 1692g(b).

2    24. The plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the

3    defendants violation of 15 U.S.C. § 1692f(1) of the ("FDCPA").

4    **J. CLAIM SEVEN**

5    25. The plaintiff asserts that the defendant violated section 623 of the Fair Debt

6    Collection Practices Act("FDCPA") when they failed to report a disputed debt to the

7    credit bureaus. The defendant was notified that the plaintiff disputed the alleged debt

8    when defendant took receipt of the "Notice Of Relief" on _November 21, 2019_

9    Therefore, the defendant is in direct violation of section 623 of the ("FDCPA").

10   **See Exhibit A.**

11   26. Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the

12   defendants violation section 623 of the ("FDCPA").

13   **K. CLAIM EIGHT**

14   27. Plaintiff asserts that defendant violated section 807(8) of the Fair Debt

15   Collection Practices Act("FDCPA") when they failed to report a disputed debt to the

16   credit bureaus. The defendant was notified that the plaintiff disputed the alleged debt

17   when defendant took receipt of the "Notice Of Relief" on _November 21, 2019_

18   Therefore, the defendant is in direct violation of section 623 of the ("FDCPA").

19   **Exhibit B.**

20   28. Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the

21   defendants violation section 623 of the ("FDCPA").

22   **L. CLAIM NINE**

23   29. The plaintiff asserts that the defendant violated section 605(c) of the Fair Debt

1    Collection Practices Act("FDCPA") when they "Re-Aged" the alleged account by

2    reporting the date of the last activity instead of the date of the first delinquencies. The

3    defendant "Re-Aged" the alleged account in hopes of circumventing the Statute Of

4    Limitation Laws set forth in which an alleged account can be collected. The defendant is

5    in direct violation of section 605(c) of the ("FDCPA").

6    **Exhibit A.**

7    30. Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the

8    defendants violation section 605(c) of the ("FDCPA").

9    **M. <u>CLAIM TEN</u>**

10   31. Plaintiff asserts that the defendant violated section 811(a)(2) of the Fair Debt

11   Collection Practices Act("FDCPA"). According to section 811(a)(2) of the

12   ("FDCPA"), a collector must be in the county in which the alleged debtor lives when the

13   alleged debtor signed for the debt. The defendant does not live or reside in the county

14   which the plaintiff lives and resides. Therefore, the defendant is in direct violation of

15   section 811(a)(2) of the ("FDCPA").

16   32. Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the

17   defendants violation section 811(a)(2) of the ("FDCPA").

18   **N. <u>CLAIM ELEVEN</u>**

19   33. The plaintiff asserts that the defendant violated section 806 of the Fair Debt

20   Collection Practices Act("FDCPA") which states that the collection agencies cannot

21   use any kind of harassment or abuse to collect an alleged debt. The defendant

22   persistently harassed the plaintiff by continuously reporting erroneous, derogatory,

23   and inaccurate information on the plaintiffs consumer reports. Therefore the defendant

1    is in direct violation of section 806 of the ("FDCPA").

2    34. Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the

3    defendants violation section 806 of the ("FDCPA").

4    **O. <u>CLAIM TWELVE</u>**

5    35. Plaintiff asserts that the defendant violated section 809(b) of the Fair Debt

6    Collection Practices Act("FDCPA") per the Federal Trades Commission("FTC") opinion

7    letter Cass from LeFevre, when they did not validate the alleged debt and still continued

8    to report this invalidated alleged debt to the credit bureaus. The defendant is in direct

9    violation of section 809(b) of the ("FDCPA").

10    36. Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the

11    defendants violation section 809(b) of the ("FDCPA").

12    **P. <u>DAMAGES</u>**

13    37. 15 U.S.C. § 1692k - Civil Liability - (a) Amount of Damages - Except as otherwise

14    prohibited by this section, any debt collector who fails to comply with any provision of

15    this title [15 USCS §§ et seq] with respect to any person is liable to such a person in an

16    amount equal to the sum of:

17    (2)(A) in the case of any action by an individual, such additional damages as the court

18    may allow, but not exceeding $1,000.00, per violation.

19    **Q. <u>REQUESTED RELIEF</u>**

20                                        **CLAIM ONE:**

21    A violation of 15 U.S.C. § 1692(2)(A) of the ("FDCPA") is $1,000.00

22    for the false representation of debt reported to Equifax Information Services, Experian

23    Information Solutions, and Trans Union Corporation.

1

**TOTAL DAMAGES: + $3,000.00**

2

**CLAIM TWO:**

3

A violation of 15 U.S.C. § 1692e(8) of the ("FDCPA") is $1,000.00

4

for submitting false information to each of the three consumer reporting agencies:

5

Equifax Information Services, Experian Information Solutions, and Trans Union

6

Corporation by the defendant.

7

**TOTAL DAMAGES: + $3,000.00**

8

**CLAIM THREE:**

9

A violation of 15 U.S.C. § 1692e(10) of the ("FDCPA") is $1,000.00

10

for the false communication by the defendant to Equifax Information Services, Experian

11

Information·Solutions, and Trans Union Corporation.

12

**TOTAL DAMAGES: + $3,000.00**

13

**CLAIM FOUR:**

14

A violation of 15 U.S.C. § 1692e(12) of the ("FDCPA") is $1,000.00

15

for the false representation by the defendant regarding the plaintiffs alleged debt reported

16

to Equifax Information Services, Experian Information Solutions, and Trans Union

17

Corporation.

18

**TOTAL DAMAGES: + $3,000.00**

19

**CLAIM FIVE:**

20

A violation of 15 U.S.C. § 1692f(1) of the ("FDCPA") is $1,000.00

21

for the unconscionable means used by the defendant to attempt to collect on a debt by the

22

plaintiff. This includes reporting to three major consumer reporting agencies: Equifax

23

1   Information Services, Experian Information Solutions, and Trans Union Corporation of

2   the unconscionable means to collect.

3   **TOTAL DAMAGES: + $3,000.00**

4   **CLAIM SIX:**

5   A violation of 15 U.S.C. § 1692g(b) of the ("FDCPA") is $1,000.00

6   for refusing to validate the alleged debt that the defendant reported to the three consumer

7   reporting agencies: Equifax Information Services, Experian Information Solutions, and

8   Trans Union Corporation.

9   **TOTAL DAMAGES: + $3,000.00**

10   **CLAIM SEVEN:**

11   A violation of section 623 of the ("FDCPA") is $1,000.00

12   for refusing to report a disputed debt to the three consumer reporting agencies: Equifax

13   Information Services, Experian Information Solutions, and Trans Union Corporation.

14   **TOTAL DAMAGES: + $3,000.00**

15   **CLAIM EIGHT:**

16   A violation of section 807(8) of the ("FDCPA") is $1,000.00

17   for refusing to report a disputed debt to the three consumer reporting agencies: Equifax

18   Information Services, Experian Information Solutions, and Trans Union Corporation.

19   **TOTAL DAMAGES: + $3,000.00**

20   **CLAIM NINE:**

21   A violation of section 605(c) of the ("FDCPA") is $1,000.00

22   for continuously reporting date of last activity in order to "Re-Age" the alleged account

23   to the three consumer reporting agencies: Equifax Information Services, Experian

Information Solutions, and Trans Union Corporation.

**TOTAL DAMAGES: + $3,000.00**

### CLAIM TEN:

A violation of section 811(a)(2) of the ("FDCPA") is $1,000.00

for the defendant not living or residing in the county in which plaintiff lives and resides

when alleged debtor signed the debt and reporting it to the three consumer reporting

agencies: Equifax Information Services, Experian Information Solutions, and Trans

Union Corporation.

**TOTAL DAMAGES: + $3,000.00**

### CLAIM ELEVEN:

A violation of section 806 of the ("FDCPA") is $1,000.00

for harrassment and abuse to plaintiff by continuously reporting erroneous, derogatory,

and inaccurate information to the three consumer reporting agencies: Equifax Information

Services, Experian Information Solutions, and Trans Union Corporation.

**TOTAL DAMAGES: + $3,000.00**

### CLAIM TWELVE:

A violation of section 809(b) of the ("FDCPA") is $1,000.00

for failing to validate the alleged debt and harrassment and continued to report to the

three consumer reporting agencies: Equifax Information Services, Experian Information

Solutions, and Trans Union Corporation.

**TOTAL DAMAGES: + $3,000.00**

38. The total amount of damages requested by the plaintiff is **$36,400.00.**

1   39. The **$400.00** added is the court cost associated with this action.

2        I MICHAEL MURPHY_____, hereby declare under penalty of perjury

3   in the state of WEST VIRGINIA_____, that the information stated above and any

4   attachments to this form is true and correct.

5   DATED: January 8th, 2020        BY:/s/ MICHAEL MURPHY_____

6                                    Name: MICHAEL MURPHY

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

# Exhibit

# A

# USPS Tracking®

FAQs >

## Track Another Package +

**Tracking Number:** 70182290000011973105

Remove ✕

Your item was picked up at a postal facility at 9:19 am on November 21, 2019 in ANDOVER, MN 55304.

## ⊘ Delivered

November 21, 2019 at 9:19 am
Delivered, Individual Picked Up at Postal Facility
ANDOVER, MN 55304

Get Updates ⌄

---

### Text & Email Updates                                      ⌄

### Tracking History                                           ⌃

**November 21, 2019, 9:19 am**
Delivered, Individual Picked Up at Postal Facility
ANDOVER, MN 55304
Your item was picked up at a postal facility at 9:19 am on November 21, 2019 in ANDOVER, MN 55304.

**November 18, 2019, 3:38 pm**
Notice Left (No Authorized Recipient Available)
ANDOVER, MN 55304

November 17, 2019
In Transit to Next Facility

November 13, 2019, 4:03 pm
Departed Post Office
GLENVILLE, WV 26351

November 13, 2019, 1:07 pm
USPS in possession of item
GLENVILLE, WV 26351

Product Information ⌄

See Less ⌃

Feedback

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

FAQs



# Exhibit

# B

Consumer Credit Report for MICHAEL JOSEPH MURPHY    File Number: 400618200   Date Issued: 08/30/2019

| | 02/2013 | 01/2013 | 12/2012 | 11/2012 | 10/2012 | 09/2012 | 08/2012 | 07/2012 | 06/2012 | 05/2012 | 04/2012 | 03/2012 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| | 02/2012 | 01/2012 | 12/2011 | 11/2011 | 10/2011 | 09/2011 | 08/2011 | 07/2011 | 06/2011 | 05/2011 | 04/2011 | 03/2011 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

### DEPT OF ED / NELNET #90000025376**** ( PO BOX 82561, LINCOLN, NE 68501, (888) 486-4722 )

| | |
|---|---|
| Date Opened: | 07/13/2011 |
| Responsibility: | Individual Account |
| Account Type: | Installment Account |
| Loan Type: | STUDENT LOAN |

| | |
|---|---|
| Balance: | $0 |
| Date Updated: | 03/19/2014 |
| Payment Received: | $3 |
| Last Payment Made: | 07/20/2012 |
| High Balance: | $2,250 |

| | |
|---|---|
| Pay Status: | ›Account 120 Days Past Due Date‹ |
| Terms: | Monthly for 120 months |
| Date Closed: | 03/19/2014 |
| | ›Maximum Delinquency of 120 days in 07/2013 for $66 and in 03/2014 for $253‹ |

Remarks: TRANSFERRED TO ANOTHER OFFICE
Estimated month and year that this item will be removed: 03/2020

| | 02/2014 | 01/2014 | 12/2013 | 11/2013 | 10/2013 | 09/2013 | 08/2013 | 07/2013 | 06/2013 | 05/2013 | 04/2013 | 03/2013 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | N/R | N/R | N/R | 120 | N/R | 120 | 120 | 120 | OK | OK | OK | OK |

| | 02/2013 | 01/2013 | 12/2012 | 11/2012 | 10/2012 | 09/2012 | 08/2012 | 07/2012 | 06/2012 | 05/2012 | 04/2012 | 03/2012 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| | 02/2012 | 01/2012 | 12/2011 | 11/2011 | 10/2011 | 09/2011 | 08/2011 | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | | | | | |

### DEPT OF ED / NELNET #90000025376**** ( PO BOX 82561, LINCOLN, NE 68501, (888) 486-4722 )

| | |
|---|---|
| Date Opened: | 07/13/2011 |
| Responsibility: | Individual Account |
| Account Type: | Installment Account |
| Loan Type: | STUDENT LOAN |

| | |
|---|---|
| Balance: | $0 |
| Date Updated: | 03/19/2014 |
| Payment Received: | $5 |
| Last Payment Made: | 07/20/2012 |
| High Balance: | $3,000 |

| | |
|---|---|
| Pay Status: | ›Account 120 Days Past Due Date‹ |
| Terms: | Monthly for 120 months |
| Date Closed: | 03/19/2014 |
| | ›Maximum Delinquency of 120 days in 07/2013 for $109 and in 03/2014 for $421‹ |

Remarks: TRANSFERRED TO ANOTHER OFFICE
Estimated month and year that this item will be removed: 03/2020

| | 02/2014 | 01/2014 | 12/2013 | 11/2013 | 10/2013 | 09/2013 | 08/2013 | 07/2013 | 06/2013 | 05/2013 | 04/2013 | 03/2013 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | N/R | N/R | N/R | 120 | N/R | 120 | 120 | 120 | OK | OK | OK | OK |

| | 02/2013 | 01/2013 | 12/2012 | 11/2012 | 10/2012 | 09/2012 | 08/2012 | 07/2012 | 06/2012 | 05/2012 | 04/2012 | 03/2012 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| | 02/2012 | 01/2012 | 12/2011 | 11/2011 | 10/2011 | 09/2011 | 08/2011 | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | | | | | |

### ENHANCED RECOVERY COMPAN #13350**** ( P O Box 57547, JACKSONVILLE, FL 32241, (904) 680-2591 )

| | |
|---|---|
| Placed for collection: | 09/15/2015 |
| Responsibility: | Individual Account |
| Account Type: | Open Account |
| Loan Type: | COLLECTION AGENCY/ATTORNEY |

| | |
|---|---|
| Balance: | $1,710 |
| Date Updated: | 08/11/2019 |
| Original Amount: | $1,710 |
| Original Creditor: | SPRINT (Cable/Cellular) |
| Past Due: | ›$1,710‹ |

| | |
|---|---|
| Pay Status: | ›In Collection‹ |

Remarks: ›PLACED FOR COLLECTION‹
Estimated month and year that this item will be removed: 06/2020

### JEFFERSON CAPITAL SYSTEM #329680570**** ( 16 MCLELAND RD, SAINT CLOUD, MN 56303, (866) 219-0725 )

| | |
|---|---|
| Placed for collection: | 02/01/2016 |
| Responsibility: | Individual Account |
| Account Type: | Open Account |
| Loan Type: | DEBT BUYER |

| | |
|---|---|
| Balance: | $1,196 |
| Date Updated: | 08/23/2019 |
| Original Amount: | $1,196 |
| Original Creditor: | VERIZON WIRELESS (Financial) |
| Past Due: | ›$1,196‹ |

| | |
|---|---|
| Pay Status: | ›In Collection‹ |

Remarks: ›PLACED FOR COLLECTION‹
Estimated month and year that this item will be removed: 03/2020

### US DEPT OF EDUCATION #1963**** ( 3130 Fairview Park Drive, Suite 800, Falls Church, VA 23323, (800) 621-3115 )

| | |
|---|---|
| Date Opened: | 03/09/2011 |
| Responsibility: | Individual Account |
| Account Type: | Installment Account |
| Loan Type: | STUDENT LOAN |

| | |
|---|---|
| Date Updated: | 08/04/2019 |
| Last Payment Made: | 03/11/2017 |
| Original Creditor: | DIRECT LOANS (Educational) |

| | |
|---|---|
| Pay Status: | ›In Collection‹ |
| Terms: | Single Payment |
| Date Closed: | 02/04/2017 |

High Balance: High balance of $6,000 from 02/2017 to 08/2019
Estimated month and year that this item will be removed: 05/2020

| | 08/2019 | 07/2019 | 06/2019 | 05/2019 | 04/2019 | 03/2019 | 02/2019 | 01/2019 | 12/2018 | 11/2018 | 10/2018 | 09/2018 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Balance | $4,536 | $4,536 | $4,536 | $4,479 | $4,479 | $4,479 | $4,453 | $4,453 | $4,434 | $4,407 | $4,368 | $4,368 |
| Scheduled Payment | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| Amount Paid | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| Past Due | $4,536 | $4,536 | $4,536 | $4,479 | $4,479 | $4,479 | $4,453 | $4,453 | $4,434 | $4,407 | $4,368 | $4,368 |
| Remarks | SLP/CLA | SLP/CLA | SLP/CLA | SLP/CLA | SLP/CLA | SLP/CLA | SLP/CLA | SLP/CLA | SLP/CLA | SLP/CLA | SLP/CLA | SLP/CLA |
| Rating | COL | COL | COL | COL | COL | COL | COL | COL | COL | COL | COL | COL |

**To dispute online go to: http://transunion.com/disputeonline**

**MICHAEL J MURPHY** | Report # **0365-9276-96** for **09/04/19**

### Account 1

| | | |
|---|---|---|
| **Date opened** Jul 2011 | **First reported** Aug 2011 | **Recent balance** Not reported |
| **Address ID #** 0155919985 | **Terms** 120 Months | **Status** Transferred, closed. |
| **Type** Education | **Monthly payment** Not reported | **Date of Status** Apr 2014 |
| **Responsibility** Individual | **Credit limit or original amount** $3,000 | |
| | **High balance** Not reported | |

**Payment history**

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2014 | ND | 180 | 180 | 180 | | | | | | | | |
| 2013 | OK | OK | OK | OK | OK | OK | 120 | 120 | 150 | 180 | 180 | 180 |
| 2012 | Full Year - In Good Standing | | | | | | | | | | | |
| 2011 | | | | | | | OK | OK | ND | ND | ND | |

### ENHANCED RECOVERY Partial Acct # 133502786 PO BOX 57547 JACKSONVILLE FL 32241 (800) 861 9475

| | | |
|---|---|---|
| **Date opened** Sep 2015 | **First reported** Nov 2015 | **Recent balance** $1,710 as of Aug 2019 |
| **Address ID #** 0155919985 | **Terms** 1 Months | **Status** Collection account. |
| **Original creditor** SPRINT | **Monthly payment** Not reported | $1,710 past due as of Aug 2019. |
| **Type** Collection | **Credit limit or original amount** $1,710 | This account is scheduled to continue on record until Apr 2020. |
| **Responsibility** Individual | **High balance** Not reported | **Date of Status** Oct 2015 |

**Payment history**

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2019 | C | C | C | C | C | C | C | C | | | | |
| 2018 | C | C | C | C | C | C | C | C | C | C | C | C |
| 2017 | C | C | C | C | C | C | C | C | C | C | C | C |
| 2016 | ND | ND | ND | ND | ND | ND | ND | ND | C | C | C | C |
| 2015 | | | | | | | | | | | C | ND |

**Account History** *  (AB = Account Balance, DPR = Date Payment Received, SPA = Scheduled Payment Amount, AAP = Actual Amount Paid)

| | Jul19 | Jun19 | May19 | Apr19 | Mar19 | Feb19 | Jan19 | Dec18 | Nov18 | Oct18 | Sep18 | Aug18 | Jul18 | Jun18 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| AB ($) | 1,710 | 1,710 | 1,710 | 1,710 | 1,710 | 1,710 | 1,710 | 1,710 | 1,710 | 1,710 | 1,710 | 1,710 | 1,710 | 1,710 |
| DPR | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND |
| SPA ($) | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND |
| AAP ($) | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND |

The original amount of this account was $1,710

### JEFFERSON CAPITAL SYSTEMS Partial Acct # 329680570… 16 MCLELAND RD SAINT CLOUD MN 56303 (866) 219 0725

| | | |
|---|---|---|
| **Date opened** Feb 2016 | **First reported** Mar 2016 | **Recent balance** $1,196 as of Aug 2019 |
| **Address ID #** 0155919985 | **Terms** 1 Months | **Status** Collection account. |
| **Original creditor** VERIZON WIRELESS | **Monthly payment** Not reported | $1,196 past due as of Aug 2019. |
| **Type** Debt Buyer | **Credit limit or original amount** $1,196 | This account is scheduled to continue on record until Jan 2020. |
| **Responsibility** Individual | **High balance** Not reported | **Date of Status** Mar 2016 |

**Payment history**

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2019 | C | C | C | C | C | C | C | C | | | | |
| 2018 | C | C | C | C | C | C | C | C | C | C | C | C |
| 2017 | C | C | C | C | C | C | C | C | C | C | C | C |
| 2016 | | | C | C | C | C | C | C | C | C | C | C |

**Account History** *  (AB = Account Balance, DPR = Date Payment Received, SPA = Scheduled Payment Amount, AAP = Actual Amount Paid)

| | Jul19 | Jun19 | May19 | Apr19 | Mar19 | Feb19 | Jan19 | Dec18 | Nov18 | Oct18 | Sep18 | Aug18 | Jul18 | Jun18 | May18 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| AB ($) | 1,196 | 1,196 | 1,196 | 1,196 | 1,196 | 1,196 | 1,196 | 1,196 | 1,196 | 1,196 | 1,196 | 1,196 | 1,196 | 1,196 | 1,196 |
| DPR | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND |
| SPA ($) | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND |
| AAP ($) | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND |

The original amount of this account was $1,196

### U.S. DEPARTMENT OF EDUCATION Partial Acct # 1963… 61 FORSYTH ST SW STE 19T40 ATLANTA GA 30303 (404) 974 9490

| | | |
|---|---|---|
| **Date opened** Mar 2011 | **First reported** Jun 2014 | **Recent balance** $4,536 as of Aug 2019 |
| **Address ID #** 0155919985 | **Terms** 36 Months | **Status** Collection account. |
| **Type** Education | **Monthly payment** Not reported | $4,536 past due as of Aug 2019. |
| **Responsibility** Individual | **Credit limit or original amount** $6,000 | This account is scheduled to continue on record until Mar 2020. |
| | **High balance** Not reported | **Comment:** Student loan permanently assigned to government. |
| | | **Date of Status** Jun 2014 |

**Payment history**

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2019 | C | C | C | C | C | C | C | C | | | | |
| 2018 | C | C | C | C | C | C | C | C | C | C | C | C |
| 2017 | C | C | C | C | C | C | C | C | C | C | C | C |
| 2016 | C | C | C | C | C | C | C | C | ND | C | C | C |
| 2015 | C | C | C | C | C | C | C | C | ND | C | C | C |
| 2014 | | | | | | C | C | C | C | C | C | C |